IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVAN DOUGLAS HALL, # 274610, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv901-WHA |
| ) | (WO) |
| LEVAN THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Stevan Douglas Hall ("Hall") on October 23, 2013.[1] Doc. No. 1. Hall challenges his conviction and sentence for second-degree burglary and possession of burglary tools pursuant to a guilty plea he entered in the Houston County Circuit Court in September 2010. He contends that his guilty plea was unknowing and involuntary and that his trial counsel rendered him ineffective assistance. *Id*. at 16–29. The respondents' answer (Doc. No. 11) that Hall's petition is barred from review by the one-year

---

[1] Hall initially filed his petition in the United States District Court for the Southern District of Alabama, which stamped his petition as received on October 28, 2013. In an order entered in December 2013, that court transferred Hall's petition to this court. Doc. Nos. 3 & 4. Although Hall's petition was stamped as received on October 28, 2013, it was signed by Hall on October 23, 2013. Doc. No. 1 at 15. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hall] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d). After due consideration of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Hall's petition should be denied as untimely.

## II. DISCUSSION

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On September 29, 2010, Hall pled guilty in the Houston County Circuit Court to charges of second-degree burglary and possession of burglary tools. On that same date, the trial court sentenced Hall to concurrent terms of 20 years in prison. Hall took no direct appeal. Because Hall did not seek direct review of his conviction, his conviction became final on November 10, 2010 – i.e., 42 days after his sentencing – as this was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Womack v. State*, 684 So.2d 167 (Ala. Crim. App. 1995).

Section 2244(d)(1)(A) provides that the one-year limitation period for filing a § 2254 petition runs from the date on which the judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, under § 2244(d)(1)(A), the one-year federal limitation period for Hall to file a § 2254 petition began to run on November 10, 2010, and expired one year later, unless the limitation period was tolled at some point before November 10, 2011.

*Statutory Tolling*

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The record reflects that on September 21, 2011, Hall filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of

3

Criminal Procedure. *See* Resp'ts Ex. A at 12. Under § 2244(d)(2), that filing tolled the federal limitation period, which at that point had run for 315 days (from November 10, 2010, to September 21, 2011). On March 28, 2012, the trial court entered an order denying Hall's Rule 32 petition. Resp'ts Ex. A at 59. Hall appealed that decision, and on October 26, 2012, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Resp'ts Ex B. Hall did not file a timely application for rehearing, and on November 14, 2012, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp'ts Ex. C; *see also* Resp'ts Ex. D.

With the Alabama Court of Criminal Appeals' issuance of the certificate of judgment on November 14, 2012, the state court proceedings on Hall's Rule 32 petition concluded, and the federal limitation period for Hall to file a § 2254 petition began to run again. At that time, 50 days (i.e., 365 days - 315 days) remained in the one-year period. The limitation period ran unabated for the next 50 days, expiring on January 3, 2013. Hall filed the instant § 2254 petition on October 23, 2013, more than nine months after expiration of the one-year limitation period in § 2244(d).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Hall such that the federal limitation period commenced on some date other than November 10, 2010. There is no evidence that any unconstitutional or illegal State action impeded Hall from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Hall presents no claim that rests on an alleged "right [that] has been newly recognized by the

4

Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Hall submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Hall seems to suggest he is entitled to equitable tolling because, he says, the Alabama Court of Criminal Appeals erroneously found his application for rehearing of its decision affirming the denial of his Rule 32 petition to be untimely and, as a consequence, entered its certificate of judgment in the Rule 32 proceedings on November 14, 2012.[2] Doc. No. 16 at 1-2. According to Hall, he filed a *pro se* application for rehearing on November 22, 2012, but it was untimely received by the Alabama Court of Criminal Appeals "due to prison

---

[2] Hall maintains that, because the Alabama Court of Criminal Appeals erroneously found his application for rehearing to be untimely, his § 2254 petition is timely. Doc. No. 16 at 2-3. In making this claim, he does not assert a specific period of time to which equitable tolling should be applied, only that the Alabama Court of Criminal Appeals' alleged error renders his § 2254 petition timely.

5

mailing and [the] U.S. postal service." *Id*. at 2.  Although the Alabama Court of Criminal Appeals received the application for rehearing filed by Hall, it struck the application as being untimely filed.  Resp'ts Ex. D.  In a letter later sent to Hall, the Clerk of the Court of Criminal Appeals advised him that his application was received by the court on November 28, 2012.  *See* Doc. No. 16 at 4.

Hall's claim that the Alabama Court of Criminal Appeals erroneously struck his application for rehearing as untimely is facially nonmeritorious.  Accepting as true Hall's averment that he filed his *pro se* application for rehearing on November 22, 2012 (by turning it over to prison officials for mailing), his application was untimely filed.  Rule 40(c) of the Alabama Rules of Criminal Procedure requires that an application for rehearing be filed with the clerk of the appropriate court within 14 days of the date of the decision being questioned.  Ala.R.App.P. 40(c).  The Alabama Court of Criminal Appeals' memorandum opinion affirming the trial court's denial of Hall's Rule 32 petition was issued on October 26, 2012.  Under Ala.R.App.P. 40(c), Hall had until November 9, 2012, to file a timely application for rehearing.  By his own admission, however, Hall filed his *pro se* application for rehearing on November 22, 2012.  Thus, the Alabama Court of Criminal Appeals correctly struck Hall's application for rehearing as untimely under Rule 40(c).  Consequently, Hall demonstrates no error in the entry of the certificate of judgment in the Rule 32 proceedings on November 14, 2012.  *See* Ala.R.App.P. 41(a) (certificate of judgment shall issue 18 days after issuance of judgment unless a timely application for rehearing is filed).  The state court

proceedings on Hall's Rule 32 petition concluded on that date, and the federal limitation period for Hall to file a § 2254 petition began to run again on that date. Hall fails to demonstrate any "extraordinary circumstances" entitling him to equitable tolling.[3]

Here, the one-year limitation period in § 2244(d) expired on January 3, 2013. Because Hall did not file his § 2254 petition until October 23, 2013, his petition is time-barred and this court may not address the merits.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 16, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[3] After the Alabama Court of Criminal Appeals' issuance of the certificate of judgment on November 14, 2012, 50 days remained within which Hall might have filed a timely § 2254 petition. In addition to failing to demonstrate extraordinary circumstances, Hall also fails to demonstrate that he acted diligently in trying to file a timely habeas petition before the federal limitation period expired.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of February, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE